**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| ABDALLAH ELSHEIKH, TARIQ MALIK, MAHDIUR RAHMAN, TAHIR MAHMOOD and JOE LOTT, <br><br> Plaintiffs, <br><br> v. <br><br> FALCON HOLDINGS, LLC and ASLAM KHAN, <br><br> Defendants. | 10 C 2952 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued Aslam Khan and Falcon Holdings, LLC for fraud, breach of contract and imposition of a constructive trust.[1] Defendants have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the claims. For the following reasons, the Court denies the motion.

## Facts

In 1999, defendant Khan, the CEO and only member of defendant Falcon, acquired several Church's Fried Chicken restaurants with financing from Sentinel Capital Partners. (Compl. ¶¶ 11-12.) As a result of this transaction, Sentinel obtained a two-thirds equity interest in Falcon and Khan retained a one-third interest. (*Id.* ¶ 13.)

In 2000, Khan told plaintiffs that he intended to buy Sentinel's interest in Falcon, but could do so only if they stayed with the company and gave it their "maximum effort." (*Id.* ¶ 14.) In

---

[1] Plaintiffs also asserted a claim for breach of fiduciary duty but have stipulated to its dismissal. (*See* Pls.' Resp. 6.)

return, Khan said, he would divide half of Falcon's membership and profit among the top executives, including plaintiffs, and turn the company's management over to them. (*Id*. ¶¶ 15-17.) In reliance on Khan's promise, which he repeated at every quarterly meeting from 2000 through June 2005, plaintiffs continued to work for Falcon.² (*Id*. ¶¶ 19-20, 22.) Khan never delivered on the promise. (*Id*. ¶¶ 21, 23.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants argue that the fraud claim should be dismissed because plaintiffs allege only promissory fraud, which is not actionable in Illinois. *See Stamatakis Ind., Inc. v. King*, 520 N.E.2d 770, 772 (Ill. App. Ct. 1987) ("Illinois does not allow a recovery for promissory fraud, that is, fraud based on a false representation of intention of future conduct."). There is an exception to the rule, however, for promises that are part of a scheme used to accomplish the fraud. *Id*. Cases in which defendants made only one promise, but did so repeatedly, have been held to fall into the exception. *See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 683 (Ill. 1989) (holding that exception applied to a claim that defendant "repeatedly ma[de] false promises of future payment in order to induce HPI to continue provision of pharmaceutical goods and services"); *Ass'n Benefit*

---

²Plaintiff Mahmood left Falcon to work on another of Khan's ventures but was assured by Khan that he would still be a beneficiary of the promise. (*Id.* ¶¶ 17-18.)

2

*Servs., Inc. v. Advanceps Holding Corp.*, No. 04 C 3271, 2004 WL 2101928, at *2 (N.D. Ill. Sept. 21, 2004) (holding that the exception applied to allegations that defendants repeatedly promised to pay commissions at a particular level to induce plaintiff to obtain a contract for them). Because that it is precisely what plaintiffs allege, the promissory fraud bar is not a basis for dismissal.

Alternatively, defendants argue that plaintiffs have not sufficiently alleged the detrimental reliance element of their claim. *See Small v. Sussman*, 713 N.E.2d 1216, 1221 (Ill. App. Ct. 1999) (setting forth the elements of fraud). The Court disagrees. Plaintiffs allege that they continued to work for Khan because of his promise (Compl. ¶ 21), a detriment that courts have held is sufficient to support a fraud claim. *See Vajda v. Arthur Andersen & Co.*, 624 N.E.2d 1343, 1350 (Ill. App. Ct. 1993) (stating, with respect to a promissory estoppel claim, that plaintiff's continuing his employment with defendant in reliance on the promises it had made constituted detrimental reliance); *Johnson v. George J. Ball, Inc.*, 617 N.E.2d 1355, 1361 (Ill. App. Ct. 1993) ("[C]onduct [that is] sufficient consideration for a contract may also be sufficient 'detriment' to support a finding of reliance in the fraud context."); *Mohr v. Arachnid, Inc.*, 559 N.E.2d 1098, 1102 (Ill. App. Ct. 1990) ("[I]t [is] clear that the plaintiff's continued work for the defendant after the agreement was entered into constitutes consideration sufficient to support the agreement.").

Finally, defendants argue that the fraud claim is not pleaded with particularity as required by Rule 9(b). Again, the Court disagrees. To satisfy Rule 9(b), plaintiffs must allege "the who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiffs have done that. (*See* Compl. ¶¶ 14-20.) Thus, the Court denies defendants' motion to the dismiss the fraud claim.

Defendants also seek dismissal of the contract claim, which they contend is barred by the statute of frauds. That statute prohibits suits on oral contracts that cannot possibly be performed

3

within one year of their making. 740 Ill. Comp. Stat. 80/1. If, however, the contract is capable of being performed in a year, even if such performance is unlikely or not anticipated by the parties, the statute is no bar. *Barnes v. Michalski*, 925 N.E.2d 323, 339 (Ill. App. Ct. 2010). Because Khan could have purchased Sentinel's interest in Falcon and made the alleged distributions within a year of promising to do so, the statute of frauds is not a basis for dismissing their contract claim.

Alternatively, defendants argue that the contract claim must be dismissed because the complaint establishes that plaintiffs gave no consideration for it. *See Int'l Supply Co. v. Campbell*, 907 N.E.2d 478, 487 (Ill. 2009) (stating that a viable contract claim requires plaintiffs to allege, among other things, that a contract exists); *Doyle v. Holy Cross Hosp.*, 708 N.E.2d 1140, 1145 (Ill. 1999) (noting that a "contract . . . requires consideration to be valid and enforceable"). In their view, plaintiffs' continued work for Falcon was not a sufficient sacrifice to constitute consideration. The Court rejects this argument for the same reasons it rejected defendants' detrimental reliance argument above.

The Court agrees, however, that the constructive trust claim should be dismissed. A constructive trust is an equitable remedy, not an independent cause of action. *People ex rel. Daley v. Warren Motors, Inc.*, 483 N.E.2d 427, 430 (Ill. App. Ct. 1985), *aff'd*, 500 N.E.2d 22 (Ill. 1986). Thus, the Court dismisses the claim without prejudice to plaintiffs' seeking a constrictive trust as relief if they prevail on their fraud claim.

## **Conclusion**

For the reasons stated above, the Court grants in part and denies in part defendants' motion to dismiss [doc. no. 14] and dismisses without prejudice the breach of fiduciary duty and constructive trust claims. The fraud and breach of contract claims stand.

SO ORDERED.                                    ENTERED:  11/18/2010


_____
**HON. RONALD A. GUZMAN**
**United States District Judge**