**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Elsheikh, et.al.,                                    )
                                                     )
                              **Plaintiffs,**        )
     **v.**                                          )        **No.** 10 cv 02952
                                                     )
Falcon Holdings  LLC, *et al.*,                      )        **Judge Ronald A. Guzmán**
                                                     )
                                                     )
                              **Defendants.**        )
                                                     )

**MEMORANDUM OPINION AND ORDER**

On the eve of trial and fully six months after the one of the challenged rulings, defendants

have filed a motion to reconsider and clarify. As to this Court's June 6. 2013 order barring the

defense of indefiniteness, defendants argue that the appellate court's order vacating the judgment

and remanding the case for proceedings consistent with its opinion did not expressly dispose of

the issues before it. Defendants concludes  "Therefore, Defendants were free to raise with this

Court the issues noted in the opinion...." The premise is correct, the conclusion is not. The

appellate court did not dispose of the issue of indefiniteness of the alleged contract - which it

discussed at some length - because it concluded that defendants had not properly raised it.

> So many vital terms are missing that any promise may well
> be too indefinite to enforce, see *Brines v. XTRA Corp.*, 304
> F.3d 699 (7th Cir. 2002); *ATA Airlines, Inc. v. Federal
> Express Corp.*, 665 F.3d 882 (7th Cir. 2011)—but once
> again defendants have not asked us to affirm on this ground.

*Malik v. Falcon Holdings*, *LLC*, 675 F.3d 646 at 649 (7th Cir. 2012).  Defendants failed to raise

this issue on appeal and therefore, have waived it. See *USA v. Husband* 312 F.3d 247, 249-51:

"There are two main limitations on the scope of a remand. First, any issue that could have been

but was not raised on appeal is waived *and thus not remanded*." (emphasis added) It is clear from

the appellate court's decision that the defendants could have raised the issue of indefiniteness of

the promise on appeal. Indeed, it appears the appellate court would have welcomed it and likely

ruled in defendants' favor, but was prohibited from doing so because defendants had failed to

argue it and thus waived it. As *Husband* clearly states, an issue waived on appeal is not within

the scope of the remand.

The same reasoning and conclusion hold true for the failure of the plaintiffs to adduce

evidence about the value of Khan's equity interest in Falcon.

> "The real problem with plaintiffs' damages estimate is not
> inability to value Falcon Holdings as an entity. It is that what
> Khan promised was half of the equity interest in Falcon. ... For
> their part, however, defendants have not asked us to affirm on the
> ground that the record is silent about the value of Khan's equity
> interest in Falcon."

*Id*. 648-649. Once again, defendants have failed to raise an issue that could have provided a basis

for  sustaining their judgment and once again the appellate court concludes it is unable to sustain

the judgment on that basis because of defendants' failure to do so. The issue could have been

raised and argued, but was not. It is therefore waived on appeal, and thus is not available on

remand. *Husband, supra*.


Dated: January 22, 2014

**SO ORDERED**                    **ENTER:**

-------------------------------------------

**RONALD A. GUZMAN**
**District Judge**